IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH BECKHAM,** | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 20-5398 |
| v. | : | |
| | : | |
| **ERIC TICE, et al.,** | : | |
| Respondents. | : | |

**McHUGH, J.** September 29, 2022

**MEMORANDUM**

Pending before me is the Report & Recommendation ("R&R") of Magistrate Judge Pamela A. Carlos (ECF 33), which recommends that Keith Beckham's Petition for a Writ of Habeas Corpus (ECF 1) filed pursuant to 28 U.S.C. § 2254 be denied. Mr. Beckham has not filed any objections to the R&R.

I agree with Judge Carlos' conclusions, but write separately with additional observations to highlight the incorrect legal rule used by the trial court and Superior Court in evaluating Petitioner's claim of ineffective assistance of counsel for failure to pursue an appeal. Judge Carlos' thorough R&R implicitly addresses this issue, but I believe further explicit discussion is useful to reiterate that the state law rule applied in this case is contrary to the clearly established federal rule promulgated in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *See Harrington v. Gillis*, 456 F.3d 118, 126 (3d Cir. 2006) (holding that Pennsylvania rule applied in this case is "contrary to clearly established federal law"). That having been said, even under the more expansive application of the *Flores-Ortega* test, the Petition should be denied.

**I.     Background**

During his criminal proceedings in Pennsylvania state court, Mr. Beckham was represented by attorney Bobby Hoof.  Petitioner chose to negotiate a plea agreement instead of proceeding to trial and pled guilty in October 2016 to one count of third-degree murder and one count of possession of an instrument of crime.  ECF 29-1 at 5, 9-10, 17.  At the plea hearing, where Mr. Beckham was represented by Attorney Hoof, Judge Glenn Bronson conducted a colloquy to inform and confirm that Mr. Beckham understood his plea would waive his constitutional and appellate rights.  ECF 29-1 at 5-16.  After Mr. Beckham stated that he understood the waiver, Judge Bronson imposed the negotiated sentence of twenty-two and a half to forty-five years of incarceration.  ECF 29-1 at 21.  Judge Bronson explained to Mr. Beckham that he had ten days to file an appeal of this sentence, and when Judge Bronson asked whether Beckham wanted to file an appeal or other post-sentence motion, he declined.  *Id.* at 21-22.  Mr. Beckham did not file an appeal or move to withdraw his plea after sentencing.  ECF 33 at 3.

In October 2017, Mr. Beckham filed a pro se petition in state court under the Pennsylvania Post-Conviction Relief Act ("PCRA"), claiming ineffective assistance of counsel because Mr. Hoof had failed to file an appeal or withdraw the plea.  ECF 33 at 3.

In October 2018, Judge Bronson held an evidentiary hearing to assess Mr. Beckham's claims.  At the hearing, Mr. Beckham testified that immediately after sentencing, he told Mr. Hoof to "appeal the guilty plea and try to fight for a better negotiated plea."  ECF 29-2 at 8-11.  Mr. Beckham testified that the only other time he tried to contact Attorney Hoof was writing to him for help with the PCRA petition in October 2017.  ECF 29-2 at 11-13.  Following Mr. Beckham's testimony, Attorney Hoof testified that Mr. Beckham had been "adamant" about accepting the negotiated plea and that he had no recollection of Mr. Beckham asking him about appealing.  ECF

29-2 at 19-21.  Based on the credibility of this testimony, Judge Bronson declared as a finding of fact that Mr. Beckham "never asked his lawyer to move to withdraw the guilty plea" and "never asked for the appeal."  ECF 29-2 at 30-31.  He then dismissed Mr. Beckham's PCRA petition because Beckham failed to show that he explicitly asked Mr. Hoof to file either motion, relying on a Pennsylvania rule that counsel will not be deemed ineffective for not filing a post-sentencing motion "absent a request by the defendant to do so."  *Commonwealth v. Beckham*, CP-51-CR-3508-2015, at 4-5 (Phila Ct. Com. Pl. Jan. 22, 2019) (quoting *Commonwealth v. Gonzalez*, 840 A.2d 326, 331 n.7 (Pa. Super. Ct. 2003)).

Mr. Beckham appealed the dismissal of his PCRA petition, and the Superior Court affirmed Judge Bronson's ruling.  *See Commonwealth v. Beckham*, No. 3243 EDA 2018, 2019 WL 5792784 (Pa. Super. Ct. Nov. 6, 2019).  In its opinion, the Superior Court again relied on the Pennsylvania rule that "before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [a petitioner] must prove that he requested an appeal and that counsel disregarded this request."  *Id.* at *3 (quoting *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. Ct. 1999)).  Mr. Beckham timely petitioned the Supreme Court of Pennsylvania for an allowance of appeal.  The Supreme Court denied his petition in May 2020.  ECF 33 at 9.

In October 2020, Mr. Beckham filed a pro se petition for a writ of habeas corpus.  ECF 1. In his petition, Beckham again claims that Attorney Hoof provided ineffective assistance because he failed to withdraw the guilty plea and failed to file a direct appeal, despite Mr. Beckham's requests.  *Id.*  The Commonwealth filed a response opposing Mr. Beckham's habeas petition, arguing that (1) the petition is time-barred, and (2) the petition is meritless given the findings of the PCRA trial court.  ECF 24 at 6-7.

On September 9, 2022, Judge Carlos issued her R&R, recommending that Mr. Beckham's petition be denied. Judge Carlos found that Mr. Beckham is entitled to equitable tolling because his PCRA attorney passed away shortly after the Supreme Court of Pennsylvania denied his petition, Mr. Beckham repeatedly attempted to contact his attorney, and Mr. Beckham lacked access to the prison library due to COVID-19. ECF 33 at 13. She therefore concluded that his petition is timely. *Id.* Judge Carlos then further concluded that the habeas petition fails on the merits, because the state court findings regarding Mr. Beckham's PCRA petition were not based on an "unreasonable determination" of the facts. *Id.* at 20.

**II.     Standard of Review**

In the absence of objections, the extent of my review of Judge Carlos' R&R is in my discretion. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). Under 28 U.S.C. § 636(b)(1), I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

**III.    Discussion**

I accept Judge Carlos' findings of fact and legal analysis regarding the timeliness of Mr. Beckham's habeas petition. I also agree with Judge Carlos' conclusion that the state court findings regarding Mr. Beckham's PCRA petition were not based on an "unreasonable determination" of the facts and her ultimate conclusion that Mr. Beckham's petition should be denied.

    **A.  The PCRA trial court and Superior Court applied a Pennsylvania rule contrary to clearly established federal law.**

The Supreme Court held in *Flores-Ortega* that when a defendant does not explicitly ask for an appeal, counsel still has a "duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular

4

defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S at 480.  In reviewing Mr. Beckham's petition under the PCRA, however, the trial court and Superior Court applied the Pennsylvania rule that a petitioner "must prove that he requested an appeal and that counsel disregarded this request." *Harmon*, 738 A.2d at 1024.  This rule conflicts with the principle in *Flores-Ortega* that a petitioner may have an ineffective assistance of counsel claim even where they do not explicitly ask for an appeal.  Indeed, the Third Circuit has specifically held that the *Harmon* rule is "contrary to clearly established federal law." *Harrington v. Gillis*, 456 F.3d 118, 126 (3d Cir. 2006).

### B. Mr. Beckham's claim still fails under the *Flores-Ortega* test.

Even applying the *Flores-Ortega* standard, Mr. Beckham's ineffective assistance claim fails on the merits.  The first ground creating a duty to consult – circumstances where a rational defendant would want to appeal – does not exist in Mr. Beckham's case.  The conviction was the result of a willing guilty plea, ECF 29-2 at 18, which the Supreme Court deems "highly relevant" to this assessment because a guilty plea "reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480.  Mr. Beckham also "received the sentence bargained for as part of the plea" and his plea "expressly reserved or waived" some appeal rights, which the Supreme Court says would make someone less inclined to appeal. *Id.*; *see also* ECF 29-1 at 7-8, 21.

The second scenario creating a duty to consult – where a defendant "reasonably demonstrated" an interest in appealing – is similarly not present here. In conducting an analysis under *Flores-Ortega*, courts have found that a variety of actions can demonstrate an interest in appealing.  *See, e.g.*, *Harrington*, 456 F.3d at 129 (repeated phone calls to trial counsel); *Lewis*, 359 F.3d at 660 (defendant upset with sentencing and asked trial counsel to withdraw plea).

Mr. Beckham made no such efforts after his conviction.  Although Beckham testified that he spoke to his attorney moments after sentencing, the PCRA trial court deemed this testimony "incredible" and found that he did not contact his counsel at all in the ten days after sentencing.  ECF 29-2 at 30.  In fact, Mr. Beckham did not contact his counsel at all until nearly a year after his conviction, when he wrote his counsel asking for documents to help with his PCRA petition. This does not suffice to show that he reasonably demonstrated an interest in taking an appeal to his counsel.

Compliance with *Flores-Ortega* requires the ineffective assistance inquiry in circumstances like Mr. Beckham's to go beyond asking whether a defendant explicitly asks their trial attorney to file an appeal.  However, because Mr. Beckham (1) did not ask his counsel to file post-sentencing motions, (2) did not reasonably demonstrate an interest in filing such motions, and (3) did not have a rational basis on which to appeal, I conclude that he had effective assistance of counsel.

## IV.    Conclusion

For the reasons set forth above, the R&R will be adopted as supplemented here, and Mr. Beckham's Petition for Writ of Habeas Corpus will be denied.  There is no basis for issuing a certificate of appealability.  An appropriate order follows.


   /s/ Gerald Austin McHugh
United States District Judge